UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF MICHIGAN,          ) | |
|                         Plaintiff,           ) | |
|                                              )  | No. 1:20-cv-849 |
| -v-                                          )  | |
|                                              )  | Honorable Paul L. Maloney |
| TERRY LEE PHILLIPS,                          )  | |
|                         Defendant.           )  | |
|                                              )  | |

## ORDER OF REMAND

Defendant Terry Phillips removed this action to federal court. Having reviewed Phillips' submissions, the Court will remand the matter to the state court.

Phillips appears to have removed a criminal action against him. The caption of his complaint identifies the People of the State of Michigan as the plaintiff. He describes himself as the accused and complains of failures or deficiencies at an arraignment and in the charging instrument. Plaintiff also complains about a deputy prosecutor and an officer in the public safety division. Phillips has not, however, filed "a copy of all process, pleadings, and orders served upon [him] in such action." 28 U.S.C. § 1455(a).

The United States Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019) (citation omitted). Federal courts "possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue on its own. *See Hertz Corp. v. Friend,*

559 U.S. 77, 94 (2010); *Arbaugh v Y&H Corp.*, 546 U.S. 500, 506 (2006); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998).

For criminal actions, 28 U.S.C. § 1443 provides the substantive basis for removing a State criminal prosecution. Under that statute, a defendant attempting to remove a criminal action must meet two conditions. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, the defendant must demonstrate that he or she has been denied a civil right that arises under federal law and that the specific civil right protects racial equality. *Id.* (citation omitted). Second, the defendant must demonstrate that the specified federal right has been denied or cannot be enforced in the State court. *Id.*; see *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) (describing Section 1443 as a "very special statute to deal with specific and discrete problems involving removal of cases, civil or criminal, in which the defendant cannot enforce his claim of civil rights in the state court[.]").

Phillips has not met either the procedural or the substantive requirements for the removal of a criminal action from state court. Procedurally, Phillips failed to file the pleadings and other court submissions along with his notice of removal. *See* 28 U.S.C. § 1455(a). Substantively, Phillips has not alleged that he has been denied a civil right that arises under federal law which protects or promotes racial equality. Generally, Phillips complains about a lack of process. Those argument must first be raised in the state court proceedings, including through the state court appellate process.

Because Phillips has not established federal jurisdiction, this Court must remand the matter to the state courts. **IT IS SO ORDERED.**

Date: September 8, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge